Filed 4/22/26  P. v. Garrett CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H052885 |
| Plaintiff and Respondent, | (Santa Cruz County Super. Ct. No. F05575) |
| v. | |
| WILLIAM RUSSELL GARRETT, | |
| Defendant and Appellant. | |

The trial court denied a petition by defendant William Russell Garrett for resentencing under what is now Penal Code section 1172.75 because, by the time the trial court conducted a resentencing hearing, Garrett had been released on parole. (Subsequent undesignated statutory references are to the Penal Code.)  Garrett has appealed, and in light of a recent Court of Appeal decision, *People v. Washington* (2026) 117 Cal.App.5th 1057 (*Washington*), the Attorney General has conceded that Garrett is eligible for resentencing.  As explained below, we accept this concession.  Accordingly, the order denying resentencing is reversed, and the matter is remanded for resentencing under section 1172.75.

## I. BACKGROUND

In 2003, a jury convicted Garrett of burglary under section 459, subd (a), and the trial court found that he had three prior strike convictions, two prior serious felony convictions, and had served two prior prison terms.  The following year Garrett was

sentenced to 25 years to life consecutive to 12 years, including two years under section 667.5 for the prison priors. In June 2023, after the Legislature enacted Senate Bill No. 483 (2021-2022 Sess.) making the earlier elimination of most prison priors retroactive (Stats. 2021, ch. 728, § 3; see also Stats. 2022, ch. 58, § 12 [moving provision to section 1172.75]), Garrett petitioned for resentencing.

Although the trial court had appointed counsel for Garrett in January 2023, the court did not conduct a resentencing hearing until November 2024, more than a month after Garrett was released on parole. The delay was in part due to Garrett's dissatisfaction with counsel. He complained about the counsel initially appointed to represent him in June 2023, which led to the appointment of new counsel in October 2023. Over the next five months Garrett expressed dissatisfaction with his new counsel and asked for a replacement, In April 2024, the trial granted a motion by counsel to be relieved, and in May 2024 a third counsel was appointed. This counsel did not file a petition for resentencing until July 2024. However, by that time, Garrett already had been found suitable for parole, and he was released from custody in September 2024, more than a month before the resentencing hearing.

In December 2024, after the hearing, the trial court denied Garrett's section 1172.75 petition. The court held that Garrett's petition for resentencing under section 1172.75 was moot because "Mr. Garrett is no longer incarcerated and was . . . granted parole since the time of the filed Petition[]." Noting that the Legislature intended section 1172.75 to address lengthy prison sentences, the court reasoned that Garrett was "ineligible as a parolee to strike an enhancement and its punishment."

The next day, Garrett filed a notice of appeal.

## II. DISCUSSION

A little over a week after briefing on this appeal was completed, *People v Washington*, *supra*, 117 Cal.App.5th 1067, was issued. In light of *Washington*, the Attorney General reconsidered the positions that he had taken and informed the court that

2

"we concede that appellant is eligible for resentencing" and "withdraw the argument made in our respondent's brief that appellant became ineligible for resentencing under Penal Code section 1172.75 when he was released on parole." As explained below, we accept this concession.

Under section 1172.75, unless imposed for certain specified sexually violent offenses, "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5 . . . is . . . invalid." (§ 1172.75, subd. (a).) Section 1172.75 also provides for resentencing of individuals upon whom now-invalid prison prior enhancements under section 667.5 were imposed. This resentencing proceeds in three stages. The first stage, which involves correctional officials, is identification: Section 1172.75 requires state and county correctional officials to "identify those persons in their custody currently serving a term for a judgment that includes [a now-invalid prison prior] enhancement" and inform the sentencing court. (§ 1172.75, subd. (b).) The second stage, which is conducted by the courts, is verification: The sentencing court "[must] review the judgment and verify that the current judgment includes a sentencing enhancement" that is now invalid. (§ 1172.75, subd. (c).) The third stage, which is also conducted by the courts, is actual resentencing: If a defendant has been identified as eligible, and a court has verified eligibility, "the court shall recall the sentence and resentence the defendant." (*Ibid.*; see also § 1172.75, subd. (d)(2), (3) [providing for resentencing under current law and taking into consideration postconviction conduct].)

*Washington* held that section 1172.75 does not require a defendant who is incarcerated and eligible at the beginning of the resentencing process under the statute to remain incarcerated until actual resentencing. (*Washington*, *supra*, 117 Cal.App.5th at p. 1061.) Because section 1172.75 requires correctional officials to identify persons "in . . . custody serving a term" (§ 1172.75, subd. (b)), and a "term" is ordinarily understood to be time served in prison (see *People v. Jefferson* (1999) 21 Cal.4th 86, 95),

*Washington* recognized that only defendants who are incarcerated at the time of identification are eligible for resentencing under section 1172.75. (*Washington*, at pp. 1065-1066). However, *Washington* continued, at the verification stage section 1172.75 requires courts to determine not that the identified persons are in "custody . . . serving a term," but rather that " 'the current judgment includes a sentencing enhancement described in [section 1172.75,] subdivision (a).' " (*Washington*, at p. 1066, quoting § 1172.75, subd. (c).) Moreover, because section 1172.75 expressly recognizes that there may be a substantial time lag between the identification and resentencing stages (see § 1172.75, subd. (b)(1), (2) [requiring identification by either March 2022 or July 2022]; § 1172.75, subd. (c)(1)(2) [requiring resentencing by October 2002 or December 2022]), *Washington* concluded that "the Legislature intended the court-related criterion for resentencing eligibility . . . to operate independently from earlier conditions applicable at the [correctional official] identification stage" and "did not include . . . continued incarceration as a requirement" at the verification stage. (*Washington*, at p. 1067.) Finally, *Washington* observed, "[r]esentencing an individual who . . . is on parole at the time of resentencing is not an idle act" because resentencing may reduce or terminate the period of parole. (*Id*. at p. 1069.)

This analysis is persuasive. As *Washington* observed, if the Legislature had intended to permit only defendants who remain incarcerated to be resentenced, it could have done so easily and clearly by requiring courts to verify the eligibility of defendants for resentencing using the same criteria that it required correctional officials to use in identifying them. (*Washington*, *supra*, 117 Cal.App.5th at p. 1067.) However, the Legislature did not do so, and on its face the criterion it chose for verification—that "the current judgment includes a sentencing enhancement" (§ 1172.75, subd. (c))—does not require continued incarceration. Moreover, because the Legislature understood that there is necessarily a lag between section 1172.75's identification, verification, and resentencing stages (*Washington*, at p. 1066), and resentencing individuals on parole

4

typically "is not an idle act" (*id*. at p. 1069), there is no persuasive justification for implying an unstated incarceration requirement into the verification and resentencing stages.

Accordingly, we conclude that a defendant does not become ineligible for resentencing under section 1172.75 if he or she is released on parole after being identified as eligible for resentencing and that Garrett is eligible for resentencing. In light of this conclusion, we do not reach Garrett's equal protection and ineffective assistance of counsel arguments. We also do not reach, and express no view on, whether a parolee serving an indeterminate sentence is entitled to termination, or reduction in the period, of parole if upon resentencing the sentence is reduced. (See *In re Lira* (2014) 58 Cal.4th 573, 578-582; *In re Bush* (2008) 161 Ca1.App.4th 133, 140-143.)

### III. DISPOSITION

The order of December 31, 2025 denying Garrett's petition for resentencing under Penal Code section 1172.75 is reversed, and the matter is remanded solely to resentence Garrett under that section.

_____
BROMBERG, J.

WE CONCUR:

_____
GREENWOOD, P. J.

_____
DANNER, J.

*People v. Garrett*
H052885